1  Seong H. Kim (SBN 166604)
   Email:    skim@steptoe.com
2  Rebecca Edelson (SBN 150464)
3  Email:    redelson@steptoe.com
   STEPTOE & JOHNSON LLP
4  2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90067-5052
   Telephone:  (310) 734-3200
6  Facsimile:(310) 734-3300
7
8  Attorneys for Defendant Forever 21, Inc.

9

10 # UNITED STATED DISTRICT COURT

11 # CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  COLORSTORY, INC., a California corporation d/b/a COLORHOLIC; and 14  IN JA KIM, an individual, 15          Plaintiffs, 16      vs. 17 18  FOREVER 21, INC., a Delaware corporation; and DOES 1-10, inclusive, 19          Defendants. 20 | Case No.: CV12-7225 RGK (PLAx)  **PROTECTIVE ORDER [DISCOVERY MATTER]**  Assigned to the Hon. R. Gary Klausner Magistrate Judge: Hon. Paul L. Abrams  Complaint filed:    August 22, 2012 Pretrial Conference: August 5, 2013 Trial Date:         August 20, 2013 Motion Cutoff:      June 5, 2013 Disc. Cutoff:       May 22, 2013 |

21
22
23
24
25
26
27
28

|   |   |
|---|---|
| 1 | The parties to this action, by and through their respective counsel, **HEREBY** |
| 2 | **STIPULATE** to the entry of an agreed protective order subject to the Court's |
| 3 | approval upon finding of good cause, for the reasons set forth below. |
| 4 | 1. The parties represent that certain discovery and initial disclosure |
| 5 | materials to be exchanged in this case, including documents, interrogatory answers, |
| 6 | deposition testimony and other discovery, are expected to contain information |
| 7 | claimed by one or more of the parties to be confidential non-public information of |
| 8 | a personal, financial, and/or commercial nature which may constitute a trade secret |
| 9 | or proprietary information, including: price lists, sales information, customer |
| 10 | information (including but not limited to lists), and supplier and/or manufacturer |
| 11 | information, costs information, profit information (including but not limited to |
| 12 | invoices and reports (e.g., sales reports) and other documents reflecting such |
| 13 | information), and personal or private information (e.g., home addresses, credit card |
| 14 | information) (collectively, "**Information**").  The parties do not wish unreasonably |
| 15 | to impede or burden the discovery process but, at the same time, recognize an |
| 16 | obligation to take reasonable steps to safeguard legitimate confidentiality and |
| 17 | privacy concerns.  The parties wish to avoid the expense and delay of motions to |
| 18 | compel discovery or for a protective order to obtain a determination of whether the |
| 19 | matter is protected by confidentiality, privacy or other privilege.  Thus, a |
| 20 | stipulation and order thereon will conserve the resources of the Court and the |
| 21 | parties.  Further, the parties assert that materials designated as "**Confidential** |
| 22 | **Information**" and "**Confidential – Attorneys Eyes Only Information**" pursuant |
| 23 | to the procedures below should be protected by a Court order rather than by a |
| 24 | private agreement because the entry of a protective order would carry the weight of |
| 25 | the Court's imprimatur and authorize the exercise of its contempt power over any |
| 26 | potential violations of this protective order where: |
| 27 | "**Confidential Information**" is <u>defined</u> as: non-public **Information** (as |
| 28 | <u>defined</u> above) concerning a person or entities' business operations, |

1    processes, and technical and developmental information within the scope of
2    Rule 26(c)(1)(G) which is treated as confidential and/or the disclosure of
3    which would contravene an obligation of confidentiality to a third party.
4    "**Confidential – Attorneys Eyes Only Information** " is <u>defined as</u>:
5    **Confidential Information** (as <u>defined</u> above) that is more sensitive or
6    strategic than Confidential Information, or proprietary and/or confidential
7    business information that is extremely sensitive in nature, the disclosure of
8    which is likely to significantly harm that person or entities' competitive
9    position (e.g., purchase orders, inventory sales summaries, internal payment
10   summary documents, invoices, customer lists, price lists, supplier and/or
11   manufacturer information, costs information, profit information).

12   The items listed above as examples of each type of confidentiality designation are
13   intended as illustrative examples and should not be treated as an admission by
14   either party that any particular document or information in that category
15   necessarily warrants that designation. The proper designation of any document or
16   information should be based on the particular facts and circumstances surrounding
17   that document or information, in light of the definitions above. A private
18   agreement between the parties would not serve to fully protect the confidential
19   nature of the materials containing Confidential Information from unwarranted
20   disclosure or use, as it would not provide sufficient remedies in the event of
21   misappropriation and would therefore not be as strong of a deterrent against such
22   misappropriation.  The parties intend this Stipulation and Order to address these
23   concerns.
24         2.     Upon entry of an Order by this Court, this Protective Order shall
25   govern the disclosure and use by receiving parties of any documents, testimony or
26   other information the producing or furnishing party (including third party
27   witnesses) considers in good faith to be, or to reflect or reveal a trade secret, as that
28   term is defined by California Civil Code § 3426.1, or other proprietary information

that is not publicly available designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" (hereafter, collectively, "Confidential Information").

3. Once a case proceeds to trial, absent further order of the Court, all of the information that was designated as Confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the trial Court in advance of the trial to proceed otherwise. In the event this case proceeds to trial, the parties will address with the Court in connection with the final pre-trial conference, treatment at trial of Confidential Information. The parties will cooperate in establishing procedures acceptable to the Court to protect Confidential Information pursuant to this Protective Order both at trial and upon any appeal of this case.

4. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials. Each party shall retain the right to oppose disclosure or production of any information sought in discovery on any additional grounds outside the provisions of this stipulated Order. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order shall affect or prejudice or enhance the rights any party has to seek discovery from another party, a party's right to object to requests

1  for discovery (including on the ground that the request seeks information that is
2  confidential) or a party's right to seek to compel the production of information by
3  way of a Court order under the Federal Rules of Civil Procedure.  Nothing in this
4  Order, or the production of any information or document under the terms of this
5  Order, or any proceedings pursuant to this Order shall be deemed to have the effect
6  of an admission or waiver by any party or of altering the confidential nature or
7  non-confidential nature of any such document or information.
8       6.   Each party shall keep confidential and not use or disclose any
9  Confidential Information of another party (or third party witness) except as
10 provided in Paragraph 8 below.
11      7.   Any party (including third parties) may designate any Discovery
12 Materials it deems to be confidential by designating such Discovery Materials as
13 Confidential Information.   But, Information shall not be designated as
14 CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY if the
15 content or substance thereof (a) is, at the time of disclosure, generally available to
16 the public in print or other tangible form through no act or failure to act on the part
17 of the Receiving Party, or (b) becomes, at any time, through no act or failure to act
18 on the part of the Receiving Party, generally available to the public in print or other
19 tangible form.  Any documents, material or information may be designated
20 CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by
21 stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'
22 EYES ONLY" on each page of the document or by otherwise conspicuously
23 indicating the appropriate designation on the material or information prior to
24 production.  While each page of a confidential document and its attachments
25 should be marked, it shall be assumed that a confidential designation on the first
26 page of a document indicates the same confidential designation for the entire
27 document and its attachments, unless otherwise noted.
28

1    8.   Access to Discovery Materials designated Confidential Information
2 shall be restricted in accordance with the following provisions:
3    (a)   Discovery Materials, and any information extracted from them,
4 which have been designated Confidential Information shall be used solely for the
5 purposes of prosecuting or defending this action, and for no other purposes.
6    (b)   "CONFIDENTIAL" designated Discovery Materials shall only
7 be disseminated to or shown to: (1) attorneys who are members or associates of the
8 law firms listed on the pleadings in this action ("Counsel of Record"), and to
9 supporting personnel employed by Counsel of Record, such as other attorneys at
10 the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private
11 data entry, document management and photocopying services; (2) named parties,
12 which includes (including officers, directors, in-house attorneys, or employees of
13 the parties) assisting in the prosecution or defense of the action, provided that they
14 are advised of and bound by the provisions of this Protective Order; (3)
15 independent consultants and experts who have signed an undertaking in the form
16 attached as Exhibit 1; (4) any professional vendors or other persons or entities that
17 provide litigation support services (e.g., photocopying; videotaping; translating;
18 providing graphics or designs, preparing exhibits or demonstrations; organizing,
19 storing, retrieving data in any form or medium and their employees and
20 subcontractors); (5) any private mediator or other ADR professional retained or
21 selected by the parties to assist in the resolution of the matter; (6) the court and
22 court personnel (including court reporters and videographers), (7) the author of the
23 document, any person identified as a recipient of the document on its face, or any
24 person who actually received it; and (8) as agreed to by the producing party in
25 writing.  There shall be no other permissible dissemination of CONFIDENTIAL
26 Discovery Materials.
27    (c)   "CONFIDENTIAL - ATTORNEYS EYES ONLY" designated
28 Discovery Materials shall only be disseminated to or shown to: (1) attorneys who

Doc. # DC-8116417

1  are members or associates of the law firms listed on the pleadings in this action,
2  and the parties' in-house counsel ("Counsel"), and to supporting personnel
3  employed by Counsel, such as other attorneys at the firm, paralegals, legal
4  secretaries, data entry clerks, legal clerks and/or private data entry, document
5  management and photocopying services; (2) the court and court personnel
6  (including court reporters and videographers), (3) any professional vendors or
7  other persons or entities that provide litigation support services (e.g.,
8  photocopying; videotaping; translating; (providing graphics or design services)
9  preparing exhibits or demonstrations; organizing, storing, retrieving data in any
10 form or medium and their employees and subcontractors); (4) outside experts and
11 consultants, who are not officers, directors, employees, or shareholders of a party
12 or competitors, who have been retained in connection with this action, and who
13 have signed an undertaking in the form attached as Exhibit 1, (5) the author of the
14 document, any person identified as a recipient of the document on its face, or any
15 person who actually received it; and (6) as agreed to by the producing party in
16 writing.

17              (d)    No copies, extracts or summaries of any document designated
18 Confidential Information shall be made except by or on behalf of Counsel; and
19 such copies, extracts or summaries shall also be designated and given the same
20 confidentiality designation as the original and shall not be delivered or exhibited to
21 any persons except as provided in this Protective Order.  Where only a part of the
22 Confidential Information furnished or produced by a party or a part of the
23 transcript of any deposition is designated as CONFIDENTIAL or
24 CONFIDENTIAL-ATTORNEYS' EYES ONLY, counsel for the party receiving
25 such Confidential Information or transcript shall redact Confidential Information
26 before disclosing such Confidential Information or transcript to any person other
27 than qualified persons under this Protective Order.
28

Doc. # DC-8116417

   (e) If any party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to any consultant or expert (potential or disclosed), the party must first identify in writing the expert to whom the party intends to give or disclose such documents or information to the attorneys for the other party, who shall have ten (10) days from receipt of such notice to object to disclosure to any of the proposed consultant/experts so identified, setting forth in writing the reason for the objection.  Such identification shall include, at least: (1) the full name and professional address and/or affiliation of the proposed consultant/expert; and (2) a current curriculum vitae identifying, at least, all other present employments or consultancies of the expert and employments or consultancies for the previous four (4) years.  The parties shall attempt to resolve any objections informally.  In the event of a dispute regarding the objections, the procedure for obtaining a decision on the dispute from the Court is that set forth in Local Rule 37. Disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents and information to the consultant/ expert objected to shall not be made except by Order of the Court after the Court rules on the Local Rule 37 motion concerning the objections.  The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

   (f) If any Confidential Information is discussed or quoted at any deposition, all persons other than qualified persons under this Protective Order shall be excluded from such portion of the deposition. During depositions, Counsel of Record may question any witness about any Discovery Material designated Confidential Information to the extent the witness has already had access to such Confidential Information or is otherwise qualified under this Protective Order to receive it.   However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material as Confidential Information may instruct the Court Reporter to mark and seal such testimony as

1 separate from the public record transcript and then shall be treated as Confidential
2 Information of the designating party.  Portions of deposition transcripts designated
3 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall
4 be so marked and the designated portions, including exhibits consisting of
5 Confidential Information Discovery Material (i.e., Discovery Material designated
6 as Confidential Information), shall be bound separately by the Court Reporter, kept
7 under seal, and maintained separately by the Court Reporter and the parties from
8 the non-confidential portions of the transcript, including exhibits, except as
9 otherwise stipulated by the Parties or ordered by the Court.   Any party may
10 designate any portion of a deposition as Confidential Information by notifying the
11 other parties on the record during the deposition or in writing within fifteen (15)
12 days of the receipt of the transcript.  The parties shall automatically treat all
13 information disclosed at a deposition as CONFIDENTIAL-ATTORNEYS' EYES
14 ONLY for fifteen (15) days after receipt of the transcript, unless counsel for the
15 parties expressly agree otherwise in writing.
16       (g)   **Filings Under Seal**.  In the event that any Confidential
17 Information Discovery Materials are attached to, or quoted or summarized in, any
18 pleadings, motion papers or other papers are filed with this Court, the portions of
19 pleadings or papers that contain the Confidential Information shall be filed under
20 seal pursuant to this provision of this Order.  Pursuant to Local Rule 79-5: (i) the
21 original and judge's copy of the document shall be sealed in separate envelopes
22 with a copy of the title page attached to the front of each envelope; (ii) conformed
23 pages (i.e., reflecting the file-stamp or legend) need not be placed in sealed
24 envelopes; and (iii) the materials to be sealed, shall not be electronically filed but
25 shall be filed manually and a Notice of Manual Filing shall first be electronically
26 filed identifying the materials being manually filed.  The filing party shall comply
27 with Local Rule 79-5.1 and submit an application for filing under seal and submit a
28 copy of the Protective Order with each application.   If Confidential Material is

1  included in any papers to be filed in Court, such papers shall be accompanied by an
2  application to file the papers -- or the confidential portion thereof -- under seal and
3  **that application must show good cause for the under seal filing.** The application
4  shall be directed to the judge to whom the papers are directed.  Pending the ruling
5  on the application, the papers or portions thereof subject to the sealing application
6  shall be lodged under seal.   If the parties want to file the Joint Stipulation required
7  by Local Rule 37 under seal, the parties may file a stipulation to that effect or the
8  moving party may file an ex parte application making the appropriate request.
9  However, **the parties must set forth good cause in the stipulation or ex parte**
10 **application** as to why the Joint Stipulation or portions thereof should be filed
11 under seal. All papers filed under seal that refer to or rely upon such Confidential
12 Information shall designate the particular aspects that are confidential so that the
13 Court, in drafting orders, can determine whether there is material which the Court
14 should attempt not to disclose. Absent such advance notification, the Court will be
15 free to incorporate all such evidence in its written and oral rulings.  Copies of such
16 documents containing information subject to this Protective Order that are served
17 on counsel for the parties shall be identified  as containing Confidential
18 Information and shall be maintained as Confidential Information as described
19 herein.
20           9.     This Protective Order pertains only to Confidential Information
21 provided by a party or third-party producing it in discovery in this action and does
22 not limit the use or disclosure of materials which have been obtained by any party
23 from any other source lawfully possessing such information and not in violation of
24 any obligation of confidentiality with respect thereto. Nothing herein shall impose
25 any restrictions on the use or disclosure by a party of the party's own Confidential
26 Information or information the party received outside of discovery from another
27 party in this litigation.
28

10. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of a party (i) to bring in accordance with the procedures set forth in Local Rule 37 before the Court the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present in accordance with the procedures set forth in Local Rule 37 a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

12. The parties agree to designate Discovery Materials under this Order in good faith.  If any dispute arises concerning whether information designated as Confidential Information should in fact be considered as Confidential Information or whether it should be considered as a lower level of Confidential Information for purposes of this Protective Order, the party who objects to the designation of the information as Confidential Information shall give written notice of the objection.  Any such notice shall identify with specificity the challenged material to which the objection is directed.  The objecting party is not required to immediately upon receipt object to a confidentiality designation, and failure to immediately object does not waive the right to object to a designation in the future.  The parties shall then attempt to resolve the dispute informally and in good faith within five (five) business days.  If the parties do not resolve the dispute informally, the objecting party may file a motion pursuant to Local Rule 37 seeking resolution of the

objection. If such a motion is filed, the party asserting confidentiality shall have the burden of proving that the Confidential Information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as Confidential Information and shall be treated thereafter according to the Court's ruling subject to rights of appeal (e.g., a party has 10 days to appeal the magistrate judge's ruling to the Court).

13. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 90 days thereof.

(a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" received hereunder, including all copies thereof, to counsel for the party that produced said materials, except that Counsel of Record may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order. Counsel for each party shall also destroy all extracts or summaries of Confidential Information Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such Confidential Information Discovery Materials within ten (10) business days of destruction.

14. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to,

1  restrictions on disclosure.  Nothing contained herein relieves any party of its
2  obligation to respond to discovery properly initiated pursuant to the Discovery
3  Order.
4      15.   Notwithstanding anything herein to the contrary, if a Furnishing Party
5  discovers that Confidential Information has been inadvertently produced without
6  being marked with the appropriate designation, the Furnishing Party may notify the
7  Receiving Party and require the Receiving Party to retrieve and return any
8  unmarked or incorrectly marked Confidential Information, and to substitute
9  therefore appropriately marked Confidential Information, provided that the
10 Furnishing Party notifies the Receiving Party promptly after learning of such
11 inadvertent failure. Upon receipt of such notification from the Furnishing Party, the
12 Receiving Party shall not thereafter disclose any such Confidential Information or
13 any information contained therein to any persons who are not qualified persons
14 under this Order.  However, the Receiving Party shall have no liability with respect
15 to any prior disclosure or use of such Confidential Information done prior to
16 receiving notice of an inadvertent disclosure and provided that such use is
17 otherwise consistent with the terms of this Protective Order.
18     16.   In the event of an inadvertent disclosure of Confidential Information
19 by a Receiving Party, the Receiving Party shall upon learning of the disclosure:
20       (a)   immediately notify the party to whom the disclosure was made
21 that it contains Confidential Information subject to this Protective Order;
22       (b)   immediately make all reasonable efforts to recover the
23 information as well as preclude further dissemination or use by the person to whom
24 disclosure was inadvertently made; and
25       (c)   within five (5) days, notify the Furnishing Party of the identity
26 of the person to whom disclosure was inadvertently made, the circumstances
27 surrounding disclosure, and the steps taken to recover the information and the steps
28 taken to insure against the dissemination or use of the information.

17. If data or information has been extracted from a document which is subsequently reclassified pursuant to Paragraph 15 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent mis-designation of documents or Confidential Information, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition.

18. If a Furnishing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Furnishing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. The Receiving Party will immediately return the item or items requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information. The party having returned such inadvertently produced item or items of information may, however, without asserting waiver because of inadvertent production, seek by following the

1 procedures set forth in Local Rule 37 production of any such documents in
2 accordance with the Federal and Local Rules of Civil Procedure.  If any such
3 material is inadvertently produced, the recipient of the document agrees that, upon
4 request from the producing party, it will promptly return all copies of the document
5 in its possession, delete any versions of the documents on any database it
6 maintains, and make no use of the information contained in the document,
7 provided, however, that the party returning such document shall thereafter have the
8 right to apply to the Court by following the procedures set forth in Local Rule 37
9 for an order that such document was not protected (prior to the inadvertent
10 disclosure) from disclosure by any privilege or doctrine and therefore the party
11 claiming the protection shall maintain the returned documents should the Court
12 order that they are not protected.
13     19.    To the extent that the procedures of Local Rule 37 are followed, the
14 Court may modify upon a showing of good cause this Protective Order at any time
15 or consider any dispute which may arise hereunder upon motion of any of the
16 parties, but a modification decreasing the protections afforded by this Protective
17 Order will not be made without a showing of good cause since designating parties
18 will be relying on the protections of this Protective Order in producing
19 Confidential Information.
20     20.    Nothing in this Protective Order affects in any way, the admissibility
21 of any documents, testimony or other evidence at trial.  Entering into this
22 Stipulated Protective Order, producing or receiving Confidential Information or
23 otherwise complying with the terms of this Protective Order shall not prejudice in
24 any way the rights of any party to object to the production of information on any
25 other grounds, including but not limited to, grounds of irrelevance or privilege.
26 Further, the disclosure of a document or its production for inspection in this action
27 shall not constitute an admission of its authenticity or of its admissibility in this
28 action.

Doc. # DC-8116417

1        21.     Nothing in this Protective Order shall be construed as authorizing a
2   party to disobey a lawful subpoena issued in another action or shall be construed as
3   relieving any person or entity from complying with obligations pursuant to a
4   lawfully issued subpoena or other court process.  Nothing herein shall be construed
5   to extinguish or modify any prior stipulation or order in any other action.  In the
6   event that any party and/or recipient of Confidential Information pursuant to this
7   Order is served with legal process or otherwise requested to disclose any
8   Confidential Information (the "Disclosing Party") by any person or entity not
9   covered by this Order, including, without limitation, insurance carriers, state, local
10  or federal agencies, or litigants in other litigation (the "Requesting Third Party" ),
11  the Disclosing Party shall give notice thereof, by telephone and facsimile, as soon
12  as practicable but in any event sufficiently prior to the requested disclosure to
13  afford an opportunity to intervene for any party who may be adversely affected by
14  the disclosure except to the extent that such notice is precluded by law.
15       22.     Nothing in this Protective Order shall bar or otherwise restrict any
16  party's counsel of record from rendering advice to his or her client with respect to
17  this litigation and, in the course thereof, relying upon his or her examination of
18  Confidential Information, provided that no disclosure of the substance of any such
19  information shall be made except to persons permitted by this Order.  Each of the
20  parties named above and their counsel of record undertakes to abide by and be
21  bound by these provisions and to use due care to see that these provisions are
22  known and adhered to by those under their supervision or control.  However,
23  nothing herein shall be or give rise to any claimed waiver of the any attorney-client
24  privilege or attorney work product protections and the parties expressly reserve all
25  such rights.
26       23.     This Protective Order shall remain in effect for the duration of the
27  action unless terminated by Court Order.  Insofar as they restrict the
28  communication, treatment and use of information subject to this Protective Order,

the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

**IT IS SO STIPULATED.**

Dated:  January 23, 2013                              BO LEE LAW GROUP, APC


By:    /s/  Bo Lee
            BO LEE
Attorneys for Plaintiff COLORSTORY, INC. AND IN JA KIM

Dated:  January 23, 2013                              STEPTOE & JOHNSON LLP


By:    /s/  Seong H. Kim
            SEONG H. KIM
Attorneys for Defendant FOREVER 21, INC.

**PURSUANT TO STIPULATION AND GOOD CAUSE HAVING BEEN SHOWN, IT IS SO ORDERED.**

Dated:  January 22, 2013    _____
Hon. Paul L. Abrams
United States Magistrate Judge

EXHIBIT 1

AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that:

I have read the Protective Order entered into on behalf of the Parties in *Colorstory, Inc., et al. v. Forever 21, Inc.*, Case No.: CV12-7225 RGK (PLAx), pending in the United States District Court, Central District of California.

I am familiar with the provisions of that Protective Order and agree to be bound by it.

I agree not to copy, or to use any Confidential Information for any purpose other than in connection with the instant action, and agree not to reveal or disclose any Confidential Information to any person not authorized by this Order.

If I have been engaged by a party to serve as an expert in this lawsuit, I state that I am not currently or formerly employed by or affiliated with any party to this lawsuit or engaged as a consultant to any party to this lawsuit except in connection with this lawsuit.  I will not otherwise become employed by, affiliated with, or engaged as a consultant to a party to this lawsuit at any time before settlement or entry of a non-appealable judgment.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law.

Doc. # DC-8116417

1  I hereby submit to the jurisdiction of the Federal District Court for the
2  Central District of California for the purpose of enforcement of the Order and
3  waive any and all objections to jurisdiction and venue with regard to the same.

4  Dated: _____
5

6
7  _____
   Signature

8
9  _____
   Printed Name
10
11
12  _____
13
14  _____
15
16  _____
17  Address and Telephone Numbers and
18  Email Address
19
20
21
22
23
24
25
26
27
28

Doc. # DC-8116417